# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| OHM HOTEL GROUP, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-1705 CAS |
| DEWBERRY CONSULTANTS, LLC, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| WILLIAM L. WOOD, | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

This removed diversity matter is before the Court on plaintiff OHM Hotel Group, LLC's motion to remand. Defendant Dewberry Consultants, LLC opposes the motion and it is fully briefed. For the following reasons, the motion will be granted and this case will be remanded to state court.

**I. Background**

Plaintiff initially filed suit in the Circuit Court of St. Louis County, State of Missouri, on August 26, 2015. The petition alleges a state law claim for breach of contract. Plaintiff alleges it entered into a contract with defendant dated November 12, 2014 (the "Contract"), whereby defendant agreed to act as the Construction Manager for the construction of a new Holiday Inn hotel in Creve Coeur, Missouri, but after plaintiff notified defendant that financing had been obtained and construction work under the Contract should proceed, defendant repudiated or wrongfully terminated the contract and refused to perform thereunder.

Defendant removed the action to this Court on October 7, 2015, based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446. OHM Hotel Group, LLC v. Dewberry Consultants, LLC, No. 4:15-CV-1541 CAS (E.D. Mo.). The Court issued an Order Concerning Removal stating that defendant's Notice of Removal was procedurally defective because it did not allege sufficient facts to establish the citizenship of either party. Defendant was granted seven days to file an amended notice of removal. Defendant responded that it was then unable to do so, and the case was remanded to state court.

Following jurisdictional discovery in state court, defendant filed its second Notice of Removal on November 13, 2015 and again removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446. Plaintiff filed the instant motion to remand ten days later, asserting that defendant waived its right to removal based on a forum selection clause in the Contract. Defendant opposes remand, asserting that plaintiff has failed to prove the existence of the Contract, which is a prerequisite to the enforcement of any of its provisions. Assuming the existence of the putative Contract, defendant disputes that the forum selection clause constitutes a waiver of its right to remove, and asserts that plaintiff is estopped from enforcing the forum selection clause because it failed to comply with contractual conditions precedent to filing suit.

**II. Legal Standard**

In removal cases, the district court reviews the petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving

that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

**III. Discussion**

Plaintiff moves to remand on the basis that the Contract's forum selection clause designates the Circuit Court for St. Louis County, Missouri as the "sole and exclusive venue" for any litigation arising out of or relating to the agreement. Defendant asserts that it never entered into the Contract with plaintiff and that its former employee who signed the Contract, third-party defendant William L. Wood, was not authorized to do so. Defendant argues that before the Court can enforce a contract term such as the forum selection clause, it must first determine there is a valid contract between the parties, citing Volker Court, LLC v. Santa Fe Apts., LLC, 130 S.W.3d 607, 611 (Mo. Ct. App. 2004) ("Before a plaintiff can establish a breach of contract, he must establish the existence of a contract."); and Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V., 145 F.3d 505, 509 (2d Cir. 1998) ("In the absence of a clear finding of a contract, the district court's determination that the parties reached agreement on a forum-selection clause was premature").

Plaintiff counters that the Court must accept as true the Petition's allegations that the parties entered into the Contract, citing Smith v. National Football League Players Ass'n, 2014 WL 6776306, at *1 (E.D. Mo. Dec. 2, 2014), Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir. 1969), and Pullman v. Jenkins, 305 U.S. 534, 537-38 (1939). Plaintiff misinterprets these decisions. In Crosby, the Eighth Circuit stated that a "party seeking removal [to federal court] must show that he comes within the provisions of the [federal removal] statute." 414 F.2d 1, 3 (8th Cir. 1968) (cited case omitted). In that context, the Court stated, "The allegations of the complaint as set forth at the time the petition for removal was filed are controlling." Id. (citing Pullman Co. v. Jenkins, 305 U.S.

3

534, 537-38 (1939)). The import of this statement is not that the allegations of the petition must be accepted as true, as plaintiff argues, but rather that the federal court must examine the petition pending at the time of removal, and not any subsequent petitions, in determining whether removal was proper. This is confirmed by Pullman, in which the Supreme Court stated the Ninth Circuit erred when it held that even if it did not sufficiently appear from the petition pending at the time of removal that the case was removable, it did so appear when a second amended complaint was filed. 305 U.S. at 537. The Court stated, "The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal." Id.[1]

The Court concludes that before it can determine whether the forum selection clause should be enforced, it must make a threshold determination whether the Petition sufficiently alleges an

---

[1] The Court is also not persuaded by plaintiff's citation in its Reply memorandum to the statement in Xtra Lease LLC v. EJ Madison, LLC, 2015 WL 3694712, at *1 n.1 (E.D. Mo. June 12, 2015), that "[i]n determining motions to remand, 'the Court construes all reasonable inferences from the facts in the complaint in the light most favorable to Plaintiff, the complainant and the party seeking remand.'" (brackets omitted) (quoting Maxwell v. Sassy, Inc., 2011 WL 5837941, at *3 (D. Minn. Nov. 21, 2011)). In Maxwell, the Minnesota district court was required on a motion to remand to determine whether a non-diverse party was a nominal or a real party in interest to the controversy. Id. at *2. The Maxwell court cited Eighth Circuit precedent holding that when determining whether a party is nominal for jurisdictional purposes, the proper inquiry is whether the plaintiff has stated a claim against it. Id. In that context, the Maxwell court considered the sufficiency of the plaintiff's complaint against the allegedly nominal party under Rule 12(b)(6)'s standard, which requires that all factual allegations of a plaintiff's complaint be accepted as true. Id. at *3; see McDonough v. Anoka County, 799 F.3d 931, 945 (8th Cir. 2015) (Rule 12(b)(6) standard). This Court's application of Maxwell in the context of removal generally, as opposed to removal where the issue of a nominal party is present, is doubtful. It is also not clear that Maxwell represents the standard applied in this district to the issue of a nominal party on removal. See Quick Erectors, Inc. v. Seattle Bronze Corp., 524 F. Supp. 351, 354 (E.D. Mo. 1981) (Court received affidavit and heard oral argument on issue of party's nominal status and stated, "The district court, without a jury, decides all issues of fact raised by a motion to remand, and the removing party bears the burden of proof."). Neither Xtra Lease nor the instant case concern the issue of whether there is a nominal party to the action. Plaintiff's citation to Xtra Lease is therefore unpersuasive in the context of this case.

4

essential element of a claim for breach of contract, the existence of a legally valid contract.[2] See Evolution Online, 145 F.3d at 509; see also Langley v. Prudential Mortg. Capital Co., LLC, 546 F.3d 365, 368 (6th Cir. 2008) (district court properly considered initial question of whether agreements containing forum selection clauses were valid); see also Olathe Millwork Co. v. Dulin, 189 S.W.3d 199, 203 (Mo. Ct. App. 2006) ("before a court can even begin considering interpreting a contractual agreement, it must first determine whether the agreement constitutes a complete, enforceable contract.").

A. Plaintiff Has Sufficiently Alleged the Existence of a Contract

A federal district court sitting in diversity applies the law of the forum to the determination whether there is a valid contract with a forum selection clause. Langley, 546 F.3d at 368; see also Orion Fin. Corp. of S. Dak. v. American Foods Group, Inc., 281 F.3d 733, 738 (8th Cir. 2002) (state law governs the rules for construing contractual agreements in a diversity action). The parties do not dispute that Missouri law governs this action. In determining the scope of Missouri law, this Court is bound by the decisions of the Supreme Court of Missouri. Taylor v. St. Louis County Bd. of Election Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010). Decisions from the Missouri Court of Appeals are also relevant, and "must be followed when they are the best evidence of Missouri law." Id. at 1028, n.2.

Under Missouri law, the essential elements of a breach of contract action are: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff."

---

[2]Whether a contract exists between the parties is closely intertwined with resolution of the merits of the case, and may be an issue ultimately submitted to the jury. For purposes of resolving the motion to remand, the Court does not determine whether an enforceable contract actually exists between the parties.

Keveney v. Missouri Military Acad., 304 S.W.3d 98, 104 (Mo. 2010) (en banc). The essential elements of an enforceable contract under Missouri law are: "(1) competency of the parties to contract; (2) subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation." White v. Pruiett, 39 S.W.3d 857, 862 (Mo. Ct. App. 2001).

The issue here is whether plaintiff meets its burden to establish the existence of a contract with defendant, such that the forum selection clause may be enforced. The Petition alleges that plaintiff and defendant entered into the Contract and attaches a copy of the Contract as an exhibit thereto.[3] The Contract is signed by plaintiff as "Owner" through its member Vinod Patel, and by defendant as "Construction Manager" through William Wood, PE, CQCM, Program Manager, Dewberry Consultants, LLC. As stated above, defendant asserts that Mr. Wood had no authority to enter into any contract on its behalf.

In the Notice of Removal, defendant asserts that it did not enter into the Contract and was unaware of its existence prior to receiving communications from plaintiff's counsel in August 2015, and states that if Mr. Wood actually signed the Contract he had no authority to do so. Attached to the Notice of Removal is an unauthenticated copy of correspondence from defendant's Virginia counsel to plaintiff's counsel dated August 21, 2015, which denies any authority on the part of Mr. Wood to enter into the Contract.

Plaintiff responds that the Court must accept the allegations of its Petition as true, a proposition the Court has rejected. Plaintiff adds that if the Court is inclined to consider evidence, defendant offers no affidavit or other competent evidence to support its argument that Mr. Wood lacked the authority to bind it to the Contract, and argues this failure is fatal to its argument.

---

[3]The Petition states that the copy of the Contract attached thereto omits "all of the documents incorporated therein by reference." Pet. at 2, ¶ 5.

The Court finds plaintiff's factual allegation in the Petition that it entered into a contract with defendant, which is supported by an attached copy of the Contract signed by William Wood as "Program Manager, Dewberry Consultants, LLC," is sufficient evidence to establish plaintiff's prima facie case for the existence and terms of a contract. See, e.g., Martha's Hands, LLC v. Rothman, 328 S.W.3d 474, 479 (Mo. Ct. App. 2010) (sufficient evidence of existence and terms of contract were presented, in part, by admission of written contract into evidence); see also Frederico v. Home Depot, 507 F.3d 188, 204 (3d Cir. 2007) (existence of contract element of breach of contract claim was met by written Agreement).[4]

The Court must now determine whether defendant has offered sufficient evidence to warrant further evidentiary inquiry into the existence of a contract between the parties. In opposing the motion to remand, defendant offers only an unauthenticated copy of the letter from its Virginia counsel, as described above, which denies previous knowledge of the Contract and asserts that Mr. Wood lacked authority to enter into it. Defendant does not offer any affidavits or other competent evidence to support its assertion that there was no contract entered into between the parties. The Court finds this is insufficient to defeat plaintiff's prima facie showing of the existence of a contract, or to warrant further evidentiary inquiry. The Court therefore turns to the issue of whether the forum selection clause should be enforced.

B. The Contract's Forum Selection Clause Waives Defendant's Right to Remove

A forum selection clause may waive a defendant's right to remove if it is "clear and unequivocal." See Weltman v. Silna, 879 F.2d 425, 427 (8th Cir. 1989). The Eighth Circuit recognizes a distinction between mandatory and permissive forum selection clauses. See Dunne v.

---

[4]This finding does not attempt to address the issues whether Mr. Wood had the authority to enter into the Contract or whether defendant is bound by it.

Libbra, 330 F.3d 1062, 1064 (8th Cir. 2003). A forum selection clause is deemed to be mandatory if it includes words such as "'exclusive,' 'only,' 'must,' or any other terms that might suggest exclusivity." Id. In this case, the Contract's forum selection clause is mandatory because it specifies that the Circuit Court for St. Louis County "shall" be the "sole and exclusive venue" for "any litigation arising out of or relating" to the Contract or "the alleged breach thereof."

The Supreme Court has stated that a mandatory forum-selection clause "should control absent a strong showing that it should be set aside." M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15, (1972). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citations omitted).

The Eighth Circuit has addressed the contractual waiver of a defendant's right to remove pursuant to a forum selection clause on only two occasions. In Weltman, the Eighth Circuit stated that contractual language must be "clear and unequivocal" in order to effect a waiver of the right to remove the suit to federal court. 879 F.2d at 427. The Weltman opinion does not quote the forum selection clause at issue, but the Eighth Circuit held it was not "clear and unequivocal" because it did not address removal. Id. In iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081 (8th Cir. 2005) (per curiam), the forum selection clause stated:

> The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri.

Id. at 1081. The Eighth Circuit stated the clause in iNet "unambiguously prohibited [the defendant] from objecting to venue" because "the parties waive[d] any objections to the laying of venue in any court in Missouri." Id. at 1081-82 (citing Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796,

8

797–98 (5th Cir. 2001)). This Court has previously observed that "[o]ther district courts have interpreted Weltman and iNet to mean that a simple agreement that venue is proper in a certain forum does not waive the right to removal, but a clause waiving any right to object amounts to a 'clear and unequivocal' waiver of the right to removal." Xtra Lease LLC v. Century Carriers, Inc., 2010 WL 431787, at *1 (E.D. Mo. Feb. 2, 2010).

This Court found that removal rights were clearly and unequivocally waived where an agreement stated: "Contractor further consents and agrees venue for State court proceedings shall be in the County of Jefferson, Missouri, and no court actions commenced in Missouri shall be transferred or removed to any other State or Federal court." County of Jefferson v. Tyler Techs., Inc., 2009 WL 1811804, at *2 (E.D. Mo. June 25, 2009). The Court has also found the following language to be a clear and unequivocal waiver of removal rights:

> The parties hereby agree to submit to the jurisdiction of the Circuit Court of St. Louis County, Missouri for purposes of adjudicating any action arising out of the Lease, and hereby waive, to the fullest extent permitted by law, any objection to the laying of venue of any action arising out of the Lease therein. Any action arising out of the Lease may be properly filed in the Circuit Court of St. Louis County, Missouri; however, XTRA Lease reserves its right to bring suit in any other appropriate jurisdiction.

Xtra Lease LLC, 2010 WL 431787, at *1.

In contrast, the Court held the following language was not a waiver of removal rights and instead "simply discusse[d] where the parties agree to jurisdiction and venue":

> Seller acknowledges and agrees that Missouri law shall apply to this transaction and to any dispute that may result from same. In the event of Court action initiated by either party, the parties agree that Missouri shall have exclusive jurisdiction and that the appropriate venue for all causes of action shall be Butler County, Missouri. Seller agrees to compensate Auctioneer for all legal fees and expenses associated with pursuing its rights pursuant to the Agreement.

9

Midwest Public Auction v. Motorsports of Bowling Green, Inc., 2012 WL 5413902, at *4 (E.D. Mo. Nov. 6, 2012). In Mihlfeld & Assocs., Inc. v. Glock, Inc., the U.S. District Court for the Western District of Missouri held the following language was not a waiver of removal rights:

> This Agreement shall be governed, construed and enforced in accordance with the laws of the State of Missouri. In the event Customer breaches any portion of this Agreement, and legal action is initiated as a result of such breach, Customer agrees that the proper venue for such action shall be in the Circuit Court of Greene County, Missouri.

2005 WL 1009579, at *1 (W.D. Mo. Apr. 27, 2005). Similarly, in Xgel Technology, LLC v. C.I. Kasei Co., Ltd., this Court held a forum selection clause stating that "[t]he parties agree to submit any judicial disputes to the appropriate courts in Phelps County, Missouri" was not a clear waiver of removal rights and instead was merely a geographical limitation. 2009 WL 1576837, at *1-2 (E.D. Mo. June 3, 2009).

District courts in this Circuit have found clear and unequivocal waivers of the right to remove in forum selection clauses that lack specific waiver language. For example, in Crane Construction Co. v. JKC Construction, Inc., 793 F.Supp.2d 1104 (W.D. Mo. 2010), the forum selection clause read:

> Should either [party] institute any suit, action or legal proceeding involving and/or against the other party ...; **jurisdiction and venue of such suit, action or legal proceeding shall be solely, only and exclusively in a court located in Andrew County, Missouri and no other** . . . . The parties hereby consent to the in personam jurisdiction of a court located in Andrew County, Missouri . . . . Any reference to any other venue or jurisdiction in the Prime Contract between the Owner and Contractor or otherwise shall be unenforceable and non-binding upon Contractor, **it being the specific intent to resolve all matters, disputes, claims, demands, or legal action in a court located in Andrew County, Missouri, and no other**. Subcontractor further agrees to include similar forum selection language in all agreements, sub-subcontracts or purchase orders which Subcontractor may enter in connection with the performance of its Work under this Subcontract.

Id. at 1106. The Western District found this clause to be a clear and unequivocal waiver of removal rights, even though it did not include the specific words "waiver" or "object," as it "twice stat[ed] that disputes shall be resolved solely and exclusively in a court in Andrew County, Missouri and no other." Id. at 1107. The court observed that the "clause does more than merely state that venue is proper in a certain county like the clauses in Xgel and Mihlfeld. Here, Plaintiff clearly intended to limit the ability of Defendant to litigate this action in any court other than the Circuit Court of Andrew County, Missouri, as evidenced by its statement that it specifically intended to do so." Id.

Several decisions address forum selection clauses that share similarities with the one at issue in this case, and in each the court found clear and unequivocal waiver of the right to remove. In Push Pedal Pull, Inc. v. Casperson, 971 F.Supp.2d 918 (D.S.D. 2013), the court described as "mandatory" a clause which provided that "the state court situated in Minnehaha County, South Dakota, shall be the exclusive jurisdiction of any dispute relating to this Agreement." Id. at 928. The court found this language clearly and unequivocally placed "exclusive jurisdiction" for contract disputes between the parties in state court, and that it was "more than a mere consent to venue." Id. The court explained its reasoning as follows:

> "[S]ubmission to the exclusive jurisdiction of one set of courts necessarily excludes venue in all other courts." Argyll Equities LLC v. Paolino, 211 Fed.Appx. 317, 319 (5th Cir. 2006) (per curiam). Mandatory forum selection clauses would lose much of their utility if a party like Casperson could contract for a venue for any dispute to be exclusively in a state court but, when a dispute arose, could avoid that clause by removing or consenting to remove the dispute from the state venue to federal court. The mandatory forum selection clause here is less clear and unequivocal than other clauses found to be waivers of rights to remove. See e.g., Crane Constr. Co. v. JKC Constr., Inc., 793 F.Supp.2d 1104, 1106-08 (W. D. Mo. 2010). Yet the Agreement is sufficiently clear and unequivocal to constitute a waiver by Casperson of his right to remove the case from South Dakota state court.

Id. at 928. See also Babe Winkelman Prods., Inc. v. Sports Design and Devel., Inc., 2006 WL 980821, at *1 (D. Minn. Apr 7, 2006), reconsidered in part on other grounds, 2006 WL 2590635 (D.

Minn. June 22, 2006) (defendant clearly and unequivocally waived its right to remove pursuant to a forum selection clause which stated, "The laws of the State of Minnesota shall govern this agreement and any litigation to be brought by either of the parties shall be brought in the District Court in the County of Crow Wing, State of Minnesota.").

In Magness Oil Co. v. Piedmont Fields, LLC, 2012 WL 1884902 (W.D. Ark. May 23, 2012), the forum selection clause provided that "[a]ny action shall be adjudicated in the Circuit Court of Baxter County, Arkansas." Id. at *3. The court described the clause as falling into a "middle ground between a simple agreement that venue is proper in the Circuit Court of Baxter County and explicitly stating that a party waived the right to object to the laying of venue in the Circuit Court of Baxter County." Id. The court concluded the clause clearly and unequivocally demonstrated "by use of the mandatory 'shall,' that the parties agree, not just that venue is proper in the Circuit Court of Baxter County, but that actions shall be adjudicated in the Circuit Court of Baxter County." Id. at *4. The court observed that while the clause did not "contain phrasing relating to a waiver of the right to object to an alternate forum, such a requirement would seem to be redundant in the face of the parties' inclusion of the mandatory 'shall' along with designation of a specific, state court forum, especially given that any ambiguities about federal jurisdiction are to be resolved in favor of remand." Id.

As in Push Pedal Pull and Magness Oil, the forum selection clause in this case does not include specific language waiving the right to object to venue or to remove, but is more than merely a geographical limitation. The clause states, "The parties agree that the *sole and exclusive venue* for any litigation arising out of or relating to this agreement, or the alleged breach thereof, *shall be the Circuit Court for St. Louis, County, Missouri*." (Doc. 6-2 at 9) (emphasis added). This language

clearly and unequivocally places "sole and exclusive venue" for contract disputes between plaintiff and defendant in a designated state court, and as such is more than a mere consent to venue.

The clause is mandatory, as evidenced by use of the term "shall," and the Court finds that it clearly and unequivocally demonstrates the parties' intent to restrict any litigation arising out of the Contract to the "sole and exclusive venue" of the "Circuit Court for St. Louis County, Missouri," such that defendant waived its right to remove to federal court. As in Magness Oil, the omission of specific language relating to a waiver is not controlling where the parties include the mandatory "shall," and designate a specific state court forum as the "sole and exclusive venue" for any litigation. See also City of New Orleans v. Municipal Admin. Servs., Inc., 376 F.3d 501, 504 (5th Cir. 2004) (a forum selection clause satisfies the "clear and unequivocal" standard and a party waives its right to object to venue by, among other things, "establishing an exclusive venue within the contract.").

While the mandatory forum selection clause here does not contain language explicitly waiving the right to object to venue or to remove, the Court concludes it is a sufficiently clear and unequivocal expression of the parties' intent to restrict all litigation between them to the Circuit Court of St. Louis County, Missouri, to operate as such a waiver.

C. Defendant Does Not Establish a Condition Precedent or Estoppel

Finally, defendant asserts that plaintiff is estopped from enforcing the Contract's forum selection clause because it failed to comply with conditions precedent to filing suit established by the Contract's terms. Specifically, Article 9 of the Contract contains a dispute resolution provision that states:

> Any claim between the Owner and Construction Manager shall be resolved in accordance with the provisions set forth in this Article 9 and Article 15 of A201-2007. Owner and Construction Manager agree that the first method of resolution

> will be fair, equitable and reasonable settlement discussions before going to non-binding arbitration. The second method if non-binding arbitration does not resolve dispute, then Litigation in St. Louis County Missouri Circuit Court will decide.

Contract § 9.1 (Doc. 6-2 at 2). Defendant cites the principle of Missouri law that "if one relies on a contract, he must take it with its burdens as well as its advantages." Brancato v. Ben Hur Life Ass'n, 128 S.W.2d 1108, 1113 (Mo. Ct. App. 1939).

Plaintiff responds that a valid forum selection clause is considered a separate contract, severable from the agreement in which it is contained, citing Discovery Pier Land Holdings, LLC v. Visioneering Envision.Design.Build, Inc., 2015 WL 1526005, at *2 (E.D. Mo. Apr. 2, 2015). Plaintiff further responds that the law does not require parties to perform needless or senseless actions, citing Junge v. Junge, 211 S.W.2d 733, 736 (Mo. Ct. App. 1948), and argues that because defendant has asserted that it has no obligations under the Contract, there would be no point in demanding non-binding arbitration.

The Court is not persuaded by defendant's assertion that the Contract's dispute resolution provision is a condition precedent. Under Missouri law, "A condition precedent is an act or event that must be performed or occur, after the contract has been formed, before the contract becomes effective." Gillis v. New Horizon Devel. Co., Inc., 664 S.W.2d 578, 580 (Mo. Ct. App. 1983) (quoted case omitted). "Conditions precedent are disfavored and contract provisions are construed as such only if unambiguous language so requires or they arise by necessary implication." Id. (quoted case omitted).[5] Here, the Contract does not contain unambiguous language indicating that the dispute resolution provision is a condition precedent that must be performed or occur in order

---

[5] For example, in Gillis, the following contract provision was found to be a condition precedent: "The agreement is contingent on AAGA satisfying William M. Grace's Bank that the notes of the investors may be collateralized with said bank." Gillis, 664 S.W.2d at 580.

for the Contract to be effective. Defendant does not assert that it is a condition precedent by necessary implication, and such a proposition would be unlikely. Further, defendant cites no case holding that under Missouri law, a failure to comply with a contract provision requiring mediation prior to filing suit is a condition precedent. Finally, defendant does not articulate what form of estoppel it seeks to invoke, and offers no citation to legal authority supporting its argument that failure to comply with a dispute resolution provision requiring mediation operates as an estoppel against filing suit. The Court therefore rejects defendant's condition precedent/estoppel argument.

## IV. Conclusion

For the foregoing reasons, the Court concludes plaintiff has established that the forum selection clause contained in the Contract is enforceable, and pursuant to its language the defendant has clearly and unequivocally waived the right to remove this action to federal court. Plaintiff's motion to remand should therefore be granted, and this case will be remanded to the Circuit Court of St. Louis County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**. [Doc. 10]

An appropriate order of remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __4th__ day of February, 2016.